John DOE I; et al., Plaintiffs,

v.

Carol M. BROWNER, Administrator of the United States Environmental Protection Agency, Defendant.

No. CV–S–94–795–PMP (RLH).

United States District Court, D. Nevada.

Aug. 30, 1995.

Jonathan Turley, Environmental Crimes Project, National Law Center, Washington, DC, for plaintiffs.

Kathryn E. Landreth, U.S. Attorney, J. Gregory Damm, Asst. U.S. Attorney, Lois J. Schiffer, Asst. Atty. Gen., Russell M. Young, Trial Attorney, U.S. Dept. of Justice, Environmental & Natural Resources Division, Washington, DC, for defendant.

## ORDER

PRO, District Judge.

### I. BACKGROUND

This is a citizen suit brought under Section 7002 of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972. Plaintiffs are all former workers at a classified facility operated by the United States Air Force near the Groom Dry Lake Bed in Nevada that is the subject of this litigation. Because of its classified nature, the Air Force facility is referred to for purposes of this litigation as "the operating location near Groom Lake."

In this action, Plaintiffs claim that the Air Force has been operating this facility in violation of several provisions of RCRA, and that Defendant Carol M. Browner, the Administrator ("Administrator") of the United States Environmental Protection Agency ("EPA"), has failed to perform her statutory duty to enforce RCRA against the Air Force.[1] Specifically, Plaintiffs contend that the EPA violated RCRA section 3007(c), 42 U.S.C. § 6927(c), by failing to conduct a RCRA inspection at the operating location near Groom Lake. *See* Plaintiffs' Complaint (# 4) ¶¶ 36–38. Plaintiffs also contend that the EPA violated RCRA sections 3012(b) and 3016(b), 42 U.S.C. §§ 6933(b) and 6937(b), by failing to notify the State of Nevada and the

Air Force that they had not provided the EPA with adequate inventories of environmental information regarding the operating location near Groom Lake, and by failing to carry out an inventory program there. *See* Plaintiffs' Complaint (# 4) ¶¶ 43–44, 33–34. Further, Plaintiffs claim that the EPA violated RCRA sections 3007(c) and 3016(a), 42 U.S.C. §§ 6927(c), 6937(a), by failing to make available to the public RCRA inspection and inventory information regarding the operating location near Groom Lake. *See* Plaintiffs' Complaint (# 4) ¶¶ 14, 20 and 40.

Plaintiffs seek a declaration that the Administrator and the EPA have failed to perform acts or duties required by RCRA and that the Administrator and the EPA continue in their failure to perform these acts. As a result, Plaintiffs seek an injunction against the Administrator and the EPA prohibiting them from violating RCRA's mandatory requirements. Plaintiffs also seek the costs of litigation pursuant to RCRA Section 7002(e), 42 U.S.C. § 6972(e), and other relief this Court finds to be appropriate and just.

Presently before the Court is a Motion for Summary Judgment (# 47) filed by the Administrator on May 22, 1995, in which she argues that Plaintiffs' claims are now moot. The Administrator filed a Statement of Uncontested Material Facts (# 66) in support of her Motion for Summary Judgment on June 23, 1995. On June 26, 1995, Plaintiffs filed a Motion for a Continuance to Defendant's Motion for Summary Judgment (# 67) consolidated with Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment (# 67). On July 5, 1995, Plaintiffs filed a Motion to Strike Portions of Defendant's Statement of Uncontested Material Facts and Portions of Supporting Affidavits (# 73). In response, the Administrator filed a Reply Memorandum in Support of Defendant's Motion for Summary Judgment and Memorandum in Opposition to Plaintiffs' Motion for a Continuance (# 85) on July 14, 1995, and a Memorandum in Opposition to Plaintiffs' Motion to Strike (# 89) on July 20,

---

1. In a related action pending in this District, *Frost v. Perry*, CV–S–94–714–PMP, Plaintiffs have asserted claims against military and intelligence figures of the United States government alleging violations of RCRA in the storage, treatment, and disposal of hazardous waste at the operating location near Groom Lake. In that action Plaintiffs seek declaratory and injunctive relief, civil penalties, attorney's fees and costs.

1995. Thereafter, Plaintiffs filed their own Statement of Contested and Uncontested Material Facts in Opposition to the Motion for Summary Judgment (# 111) along with Sealed Affidavits (# 112) in support of their Statement on July 28, 1995. On August 3, 1995, Plaintiffs filed a Reply Memorandum in Support of the Motion for Continuance (# 121).

On July 12, 1995, Defendant also filed a Motion for Protective Order Staying Discovery (# 82) in this matter pending this Court's ruling on Defendant's Motion for Summary Judgment (# 47). Because Defendant's Motion for Summary Judgment will be ruled upon in this Order, Defendant's Motion for Protective Order Staying Discovery (# 82) will be denied as moot.

On August 11, 1995, this Court conducted an *in camera* inspection of the classified "RCRA Inspection Report" and "Air Force Inventory Report" referenced in the Administrator's Motion for Summary Judgment. After reviewing these documents and after considering the parties' respective positions as set forth in their briefs, the Court concludes that the Administrator's Motion for Summary Judgment should be granted in part and denied in part.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir.1982). Once the movant's burden is met by presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If the factual context makes the respondent's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–58, 89 L.Ed.2d 538 (1986); *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 699, 98 L.Ed.2d 650 (1988).

If the party seeking summary judgment meets this burden, then summary judgment will be granted unless there is significant probative evidence tending to support the opponent's legal theory. *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968); *Commodity Futures Trading Com. v. Savage*, 611 F.2d 270 (9th Cir.1979). Parties seeking to defeat summary judgment cannot stand on their pleadings once the movant has submitted affidavits or other similar materials. Affidavits that do not affirmatively demonstrate personal knowledge are insufficient. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). Likewise, "legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment." *Id.*

A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *See Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982); *Admiralty Fund v. Jones*, 677 F.2d 1289, 1293 (9th Cir.1982).

All facts and inferences drawn must be viewed in the light most favorable to the responding party when determining whether a genuine issue of material fact exists for summary judgment purposes. *Poller v. Columbia Broadcasting Sys.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). After draw-

ing inferences favorable to the respondent, summary judgment will be granted only if all reasonable inferences defeat the respondent's claims. *Admiralty Fund v. Tabor,* 677 F.2d 1297, 1298 (9th Cir.1982).

The trilogy of Supreme Court cases cited above establishes that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1). *See also Avia Group Int'l, Inc. v. L.A. Gear California, Inc.,* 853 F.2d 1557, 1560 (Fed. Cir.1988).

## III. DISCUSSION

### A. *The Resource Conservation and Recovery Act*

The Resource Conservation and Recovery Act establishes a "cradle-to-grave" regulatory scheme for the treatment, storage and disposal of solid and hazardous wastes. RCRA's stated purpose is to protect the environment from the dangers associated with solid and hazardous wastes. 42 U.S.C. § 6901(b). One of the mechanisms provided for by RCRA to control solid and hazardous waste is the citizen suit. A citizen suit under 42 U.S.C. § 6972(a)(2) permits a plaintiff to bring a civil action "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." In this case, Plaintiffs allege that the EPA has failed to perform certain non-discretionary duties allegedly created by RCRA.

The Administrator contends that summary judgment should be granted in her favor because Plaintiffs' claims are now moot. The Administrator argues that since the commencement of this suit, the EPA has performed a RCRA inspection at the operating location near Groom Lake. Furthermore, the Administrator contends that the Air Force has provided the EPA with an inventory for the operating location near Groom Lake, and the EPA has affirmatively determined that the Air Force and the State of Nevada are providing the EPA with adequate inventory information. Finally, the Administrator argues that Plaintiffs' claim that the EPA violated RCRA public disclosure provisions must be denied because the RCRA inspection and inventory information at issue is classified, and, contrary to Plaintiffs' claims, RCRA does not require the public disclosure of classified information. Accordingly, the Administrator argues that because a controversy no longer exists as to which effective relief can be granted, Plaintiffs' claims must be dismissed as moot.

### B. *Mootness*

"Mootness is a threshold jurisdictional issue." *Southern Pac. Transp. Co. v. Public Util. Comm'n of Oregon,* 9 F.3d 807, 810 (9th Cir.1993). It is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Native Village of Noatak v. Blatchford,* 38 F.3d 1505, 1509 (9th Cir.1994) (quoting *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980)). The Ninth Circuit has described a moot action as one where "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Northwest Environmental Defense Center v. Gordon,* 849 F.2d 1241, 1244 (9th Cir.1988) (quoting *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (per curiam)).

The mootness doctrine itself is rooted in "Article III of the United States Constitution [which] confers jurisdiction on federal courts over 'cases' and 'controversies' and has been construed to prohibit advisory opinions." *Id.* Thus, because a moot action does not present a "case" or "controversy" within the meaning of Article III, a federal court lacks jurisdiction to hear such a case. *See E.E.O.C. v. Goodyear Aerospace Corp.,* 813 F.2d 1539, 1542 (9th Cir.1987) ("Federal courts lack jurisdiction over moot actions because their constitutional authority is limited to cases or controversies.").

The Ninth Circuit has established that "the basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Northwest Environmental Defense Center,* 849 F.2d at 1244 (quoting *United States v. Geophysical Corp.,* 732 F.2d 693, 698 (9th Cir.1984)). Moreover, even where effective relief might have been available at a case's inception, "[w]here the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." *Flast v. Cohen,* 392 U.S. 83, 95, 88 S.Ct. 1942, 1950, 20 L.Ed.2d 947 (1968); *Burlington Northern R.R. Co. v. Crow Tribal Council,* 940 F.2d 1239, 1244 (9th Cir.1991) ("A case becomes moot when a court cannot grant effective relief.").

■ Nevertheless, a defendant bears a "heavy burden" to demonstrate that a lawsuit is moot. *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979); *Northwest Environmental Defense Center,* 849 F.2d at 1244. The Supreme Court has emphasized that it must be "absolutely clear that the alleged wrongful behavior would not reasonably be expected to recur." *Gwaltney of Smithfield v. Chesapeake Bay Foundation,* 484 U.S. 49, 66, 108 S.Ct. 376, 386, 98 L.Ed.2d 306 (1987).

With the aforementioned principles in mind, the Court now turns to the Administrator's Motion for Summary Judgment.

### C. The Inspection and Inventory Claims

RCRA section 3007(c) provides that "[t]he Administrator shall undertake on an annual basis a thorough inspection of each facility for the treatment, storage, or disposal of hazardous waste which is owned or operated by a department, agency or instrumentality of the United States to enforce its compliance with this subchapter and the regulations promulgated thereunder." 42 U.S.C. § 6927(c). Section 3007(c) also provides that the records of such inspections "shall be available to the public as provided in [section 3007(b)]." Section 3007(b) provides that, except for certain confidential information, "[a]ny records, reports, or information, (including records, reports, or information obtained by represen-tatives of the Environmental Protection Agency) obtained from any person under this section ... shall be available to the public...." 42 U.S.C. § 6927(b).

Plaintiffs allege that the EPA has failed to conduct an inspection of the operating location near Groom Lake pursuant to RCRA section 3007(c). *See* Plaintiffs' Complaint (# 4) ¶¶ 36–38. The Administrator argues that this claim is now moot because EPA officials completed an on-site RCRA inspection of the operating location near Groom Lake on March 10, 1995. In support of her position, the Administrator has submitted the sworn declaration of Barry N. Breen, the Director of the Federal Facilities Enforcement Office for the Office of Enforcement and Compliance Assurance (OECA), at EPA headquarters in Washington, D.C. In his declaration, Mr. Breen states the following with regard to the inspection of the operating location near Groom Lake:

2. In my capacity as Director, I serve as a national program manager for Federal facilities and principal advisor to the Assistant Administrator for OECA for matters concerning the Agency's enforcement and compliance assurance programs in the area of Federal facilities, including enforcement and compliance assurance activities conducted under the Resource, Conservation and Recovery Act ("RCRA"), sections 1002 *et seq.,* 42 U.S.C. §§ 6901 *et seq.*

3. From December 6, 1994, through March 10, 1995 EPA inspectors from EPA Region 9 and the EPA National Enforcement Investigations Center conducted a thorough inspection of the United States Air Force operating location near the Groom Dry Lake Bed in Nevada that is the subject of this lawsuit ("the operating location near Groom Lake"), pursuant to RCRA section 3007(c).

4. On April 19, 1995, EPA completed a final written inspection report documenting the findings made during the RCRA inspection. The Air Force has classified the EPA inspection report for national security reasons, pursuant to Executive Order 12356.

Declaration of Barry N. Breen, attached as Exhibit "1" to Defendant's Motion for Summary Judgment (# 47) (hereinafter "Breen Declaration"), at 2–3.

Further, Mr. Breen states that "[o]n May 19, 1995, EPA and the Air Force entered into a Memorandum of Agreement (attached as Exhibit A) setting forth future compliance activities for the operating location." Breen Declaration, at 3. The Memorandum of Agreement, which is signed by Mr. Breen on behalf of the EPA and Thomas W.L. McCall, the Deputy Assistant Secretary (Environment, Safety & Occupational Health) Department of the Air Force, on behalf of the Air Force, sets forth as follows with respect to the agreement for future inspections:

> 1. The Air Force is committed to conducting its activities at the operating location near Groom Lake in accordance with RCRA requirements, including the RCRA section 3016(a) requirement to include in a biennial inventory report submitted to EPA an inventory of the operating location near Groom Lake.

> 2. EPA agrees that any classified information obtained by EPA will be treated in accordance with Executive order 12356, 47 Fed.Reg. 20,105 (1982) or any subsequent Executive Order replacing or amending Executive Order No. 12356; EPA's Security Classification Regulations at 40 C.F.R. Part 11; EPA's Security Manual for Safeguarding Classified Material; Information Security Oversight Office Guidance at 32 C.F.R. 2001–2003 (1994); and, any other law or regulation applying or pertaining to classified information.

> 3. Consistent with paragraph 2, the Air Force agrees to continue to allow access to the operating location near Groom Lake and classified information to EPA personnel for purposes of administering the environmental laws of the US and also agrees to continue to provide reasonable logistical

assistance to EPA similar to that previously provided.

> 4. *EPA agrees that annual RCRA inspections will be conducted at the operating location near Groom Lake.*

"Memorandum of Agreement Between the United States Environmental Protection Agency and the Department of the Air Force Regarding the Operating Location Near Groom Lake," attached as Attachment "A" to Exhibit "1" to Defendant's Motion for Summary Judgment (# 47), at 1–2 (emphasis added). Therefore, the Administrator argues that because the EPA has conducted an on-site inspection of the operating location near Groom Lake, no further effective relief can be granted with respect to Plaintiffs' inspection claim, and that claim must be dismissed as moot.

With regard to Plaintiffs' inventory claims, RCRA section 3016(a) provides that each federal agency "shall undertake a continuing program to compile ... an inventory of each site which the Federal agency owns or operates ... at which hazardous waste is stored, treated, or disposed of or has been disposed of at any time." 42 U.S.C. § 6937(a). This section also provides that the federal agency shall "submit the [inventory] to the Administrator (and to the state in the case of sites in States having an authorized hazardous waste program)" [2] every two years beginning January 31, 1986, and the inventory "shall be available to the public as provided in section [3007(b) ]." *Id.*

Section 3016(b) provides that the EPA is to carry out an inventory program for a federal agency under certain circumstances:

> If the Administrator determines that any Federal agency under subsection (a) of this section is not adequately providing information respecting [federal facilities] ... the Administrator shall notify the chief official of such agency. If within ninety days following such notification, the Federal agency has not undertaken a program to

---

**2.** RCRA contains provisions which allow a state to administer its own hazardous waste program in place of the federal program. Under section 3006(b), a state may receive authorization from the EPA to administer and enforce those provisions of the state's program that the EPA determines are equivalent to the corresponding EPA regulatory provisions, and that meet other requirements set forth in section 3006(b). 42 U.S.C. § 6926(b). Nevada currently maintains an EPA-authorized state RCRA program administered by the Nevada Department of Conservation and Natural Resources.

adequately provide such information, the Administrator shall carry out the inventory program for such agency.

42 U.S.C. § 6937(b).

Plaintiffs allege that the EPA is required but has failed to undertake an inventory program for the operating location near Groom Lake pursuant to RCRA section 3016(b), 42 U.S.C. § 6937(b).[3] The Administrator argues that this claim is moot as well because the Air Force provided the EPA with an inventory for the operating location near Groom Lake on March 3, 1995. As evidence of this fact, the Administrator has submitted the sworn declaration of Elliott P. Laws, an Assistant Administrator for the Office of Solid Waste and Emergency Response (OSWER), at EPA headquarters in Washington, D.C. In his declaration, Mr. Laws states the following with regard to the inspection of the operating location near Groom Lake:

2. In my capacity as Assistant Administrator, I serve as the national program manager and principal advisor to the Administrator for the policies, guidance and direction of EPA's solid and hazardous waste programs. I have supervisory responsibility for implementing the various programs established under the Resource, Conservation and Recovery Act ("RCRA"), sections 1002 *et seq.*, 42 U.S.C. §§ 6901 *et seq.*, including the hazardous waste inventory programs established under RCRA sections 3012 and 3016, 42 U.S.C. § 6933 and § 6937.

3. On March 3, 1995, pursuant to RCRA section 3016(a), the United States Air Force ("Air Force") submitted a final inventory report to EPA regarding the Air Force operating location near the Groom Dry Lake Bed in Nevada that is the subject of this lawsuit ("the operating location near Groom Lake"). . . .

3. 42 U.S.C. § 6937(b) states in relevant part: If the Administrator determines that any Federal agency under subsection (a) of this section is not adequately providing information respecting the sites referred to in subsection (a) of this section, the Administrator shall notify the chief official of such agency. If within ninety days following such notification, the Federal agency has not undertaken a program to adequately provide such information, the

Declaration of Elliott P. Laws, attached as Exhibit "2" to Defendant's Motion for Summary Judgment (# 47) (hereinafter "Laws Declaration"), at 2. Mr. Laws further states that based upon his review of the inventory report, and his discussions with appropriately cleared EPA employees, he has "determined that the Air Force is adequately providing information to EPA respecting the operating location near Groom Lake." *Id.* at 2–3.

In addition to the inventory and inspection requirements imposed directly on the Administrator, RCRA section 3012 provides that each state must conduct its own inventory program. Section 3012(a) provides that "[e]ach State shall, as expeditiously as practicable, undertake a continuing program to compile, publish, and submit to the Administrator an inventory describing the location of each site within such State at which hazardous waste has at any time been stored or disposed of." 42 U.S.C. § 6933(a). This section further provides that to assist the States in compiling information,

"the Administrator shall make available to each State undertaking a program under this section such information as is available to him concerning [specified inventory items] with respect to the sites within such State, *including such information as the Administrator is able to obtain from other agencies or departments of the United States. . . .*"

*Id.*

Section 3012(b) contains language similar to that contained in Section 3016(b) in that if the EPA determines that a state is not adequately providing inventory information to the EPA regarding RCRA sites in that state, the EPA must notify the state of that inadequacy, and if the state does not correct the deficiency, the EPA must carry out the state's inventory program.[4]

Administrator shall carry out the inventory program for such agency.

4. Specifically, section 3012 provides: If the Administrator determines that any State program under subsection (a) of this section is not adequately providing information respecting the sites in such State referred to in subsection (a) of this section, the Administrator shall notify the State. If within ninety days

Plaintiffs claim that the EPA failed to comply with section 3012(a) by failing to make available to the State of Nevada inventory information as is available to the EPA regarding the operating location near Groom Lake. Plaintiffs further allege that as a consequence of this failure, Nevada's inventory program was rendered inadequate, and that the EPA violated section 3012(b) by failing to notify the State of Nevada of that inadequacy. The Administrator, however, argues that these claims are also moot because the EPA has made available to Nevada's Department of Conservation and Natural Resources the classified inventory information provided by the Air Force as well as the classified RCRA inspection report. *See* Laws Declaration, at 3.[5] Moreover, the Administrator claims to be in full compliance with RCRA section 3012(a) because the EPA has "determined that the State of Nevada is adequately providing EPA with inventory information respecting the operating location near Groom Lake." *Id.*

■ Plaintiffs set forth a number of arguments in opposition to the Administrator's Motion. First, however, Plaintiffs seek a continuance of the Administrator's Motion by way of a Motion (# 67) brought pursuant to Federal Rule of Civil Procedure 56(f). On April 3, 1995, Plaintiffs served the Administrator with Plaintiffs' First Set of Requests for Admissions, and, on May 3, 1995, Defendant responded to Plaintiffs' requests by admitting six, denying one, and invoking the military and states secrets privilege sixty-nine times. As a result, Plaintiffs filed a Motion to Compel Defendant's Answer to these admissions on May 25, 1995. This Motion is still pending before this Court.

Plaintiffs contend that the Administrator's Motion for Summary Judgment should be continued pending the conclusion of discovery in this case, and, more specifically, pending a ruling by this Court on Plaintiffs' Mo-

tion to Compel. The Court disagrees. The Court has reviewed Plaintiffs' Motion to Compel as well as Plaintiffs' First Set of Requests for Admissions and has concluded that none of the information that Plaintiffs requested Defendant to admit or deny is materially relevant to the Administrator's Motion for Summary Judgment. The primary question raised by this Motion is whether any form of effective relief remains available to Plaintiffs on their various causes of action brought pursuant to RCRA's citizen suit provision. Contrary to Plaintiffs' assertions, the information requested of Defendant focuses upon factual matters that do not impact this inquiry. The Court, therefore, finds no reason to continue the Administrator's Motion for Summary Judgment and Plaintiffs' Motion to Continue will be denied.

Plaintiffs also oppose the merits of the Administrator's Motion on a number of grounds. First, they contend that a number of genuine issues of material fact remain in dispute which preclude a grant of summary judgment. Particularly, Plaintiffs argue that there continues to be a disputed issue of material fact as to the relevant facility in this case, and that because they refer to the facility in this case, and that because they refer to the facility as "Area 51" and Defendant claims that the operating location near Groom Lake is not known as "Area 51," then the possibility exits that the parties are discussing two separate facilities. Plaintiffs' argument is yet another manifestation of an ongoing dispute between the parties over the name(s) used to identify the operating location near Groom Lake. It is true that Plaintiffs' access to information through discovery in this matter has necessarily been limited, for the most part, by the classified nature of the facility in this action and Defendant's assertion of the military and state secrets privilege. This Court's access to such information, however, has not been so limited.

following such notification, the State program has not been revised or amended in such manner as will adequately provide such information, the Administrator shall carry out the inventory program in such State.

42 U.S.C. § 6933(b).

**5.** Specifically, Mr. Laws states that:

4. EPA has made available to appropriately cleared officials of the Nevada Department of Conservation and Natural Resources such information as is available to EPA regarding the operating location near Groom Lake, including the Air Force March 3, 1995 classified inventory report and a classified EPA RCRA inspection report.

Through an examination of both the sealed and *in camera* submissions that have been filed in this case, the Court finds that no genuine issue exists as to the identity of the relevant facility in this case. Plaintiffs' argument in that regard, therefore, must be rejected.

Plaintiffs also make a general objection on the ground that numerous material facts are in dispute over compliance procedures and conditions at the facility. The Court, however, has conducted an *in camera* review of the March 3, 1995 final Inventory Report submitted by the Air Force to the EPA regarding the operating location near Groom Lake ("Inventory Report") and the April 19, 1995, final written Inspection Report completed by the EPA documenting the findings made during the RCRA inspection ("Inspection Report"), and as will be discussed more fully *infra,* the Court is satisfied that no issues of material fact remain with regard to compliance with federal law in the inspection and inventorying of the operating location near Groom Lake.

Next, Plaintiffs attack the sufficiency of the evidence provided by the Administrator in support of summary judgment. Plaintiffs claim that the Administrator is required, but has failed, to demonstrate that a "thorough" inspection has been performed and that "adequate" information has been provided. Plaintiffs claim that the Laws and Breen Affidavits are insufficient as a matter of law to sustain the Administrator's burden on this point.

■ The Administrator counters that RCRA section 7002(a)(2) vests the Court with jurisdiction only to require performance of alleged nondiscretionary acts—not to review the content of those acts. Thus, the Administrator argues, because the EPA's determinations of thoroughness and adequacy are discretionary, they are not reviewable in this case, and, therefore, they cannot consti-

tute disputed material facts sufficient to defeat summary judgment. While the Court finds the Administrator's line of argument somewhat dubious,[6] it need not reach this issue because after reviewing *in camera* the classified Inventory and Inspection Reports in connection with this Motion, the Court finds that the Administrator has conducted a thorough inspection of the operating location near Groom Lake, and the EPA is in full compliance with the requirements of RCRA section 3007(c). The Court further finds that the Air Force is adequately providing information to the EPA respecting the operating location near Groom Lake in compliance with RCRA section 3016(b).

■ Plaintiffs further contend that their claims are not moot because the Administrator's Motion addresses only prospective relief and ignores remedial relief. Specifically, Plaintiffs contend that because they have alleged a multi-year failure to comply with the requirements of RCRA, any effective relief they are granted should include, at a minimum, the obligation of the EPA to attempt to perform remedial inspections and inventories, through paper searches, for the years in which it failed to comply with RCRA. According to Plaintiffs, such remedial inspections and inventories would require the EPA to reconstruct, as best as it is able, past inventories or inspections based on records and documents.

The Court, however, finds that RCRA's citizen suit provision does not provide for the type of remedial relief requested by Plaintiffs. As explained by the United States District Court for the Middle District of Pennsylvania, "the Supreme Court [has] specifically mentioned RCRA as an environmental statute that authorizes only prospective relief." *Lutz v. Chromatex, Inc.,* 718 F.Supp. 413, 424 (M.D.Pa.1989) (citing *Gwaltney of Smithfield v. Chesapeake Bay Foundation, Inc.,* 484 U.S. 49, 57 & n. 2, 108

**6.** While RCRA section 3016(b) casts the EPA's adequacy determination in what appears to be unmistakably discretionary language, in that it provides that the EPA must take specified action only "[i]f the Administrator determines" that a federal agency is not adequately providing the EPA with inventory information, 42 U.S.C. § 6937(b), the same cannot necessarily be said of

section 3007(c)'s thoroughness requirement. Section 3007(c) provides that "[t]he Administrator shall undertake on an annual basis a thorough inspection of each facility...." It does not appear to this Court that the language of the statute leaves the thoroughness of the inspection solely within the discretion of the Administrator.

S.Ct. 376, 381 & n. 2, 98 L.Ed.2d 306 (1987)). This Court agrees. There is nothing in the language of RCRA's citizen suit provision which leads this Court to conclude that Congress intended to authorize the type of relief for past violations requested by Plaintiffs. RCRA is a forward-looking statute that was enacted to remedy present and future harmful impacts of hazardous wastes. The Court finds that neither the language of the statute nor the purposes for which it was enacted is consistent with allowing Plaintiffs to recover the type of relief they are requesting.

Plaintiffs make various additional objections to the sufficiency of the affidavits provided by the Administrator in support of her Motion. The Court, however, finds that the affidavits submitted are sufficient under Federal Rule of Civil Procedure 56(e) to support the Administrator's Motion. Accordingly, Plaintiffs' Motion to Strike Portions of Defendant's Statement of Uncontested Material Facts and Portions of Supporting Affidavits (# 73) will be denied.

■ The Court also rejects Plaintiffs' contention that the Administrator has failed to demonstrate that the Inspection and Inventory Reports have been properly classified. The Administrator has submitted the declaration of Lt. Col. Leonard E. Patterson of the United States Air Force in which he states that both the Inspection and Inventory Reports have been properly classified pursuant to Executive Order 12356, 47 Fed.Reg. 14,874 (April 1, 1982). *See* Declaration of Leonard E. Patterson, Lieutenant Colonel, United States Air Force, attached as Attachment "A" to Defendant's Memorandum in

Opposition to Plaintiffs' Motion to Strike Portions of Defendant's Statement of Uncontested Material Facts and Portions of Supporting Affidavits (# 89), at 1–2. The Court has reviewed these documents and is satisfied that they are properly classified.

■ Accordingly, the Court finds that no genuine issues of material fact remain with regard to Plaintiffs' inventory and inspection claims. Furthermore, the Court finds that any effective relief to which Plaintiffs may have been entitled in the citizen suit has been effectively eliminated by the actions of the EPA and the Air Force subsequent to the commencement of this litigation and no doubt because of it. Simply put, Plaintiffs' objectives in bringing this citizen suit have been accomplished: the Administrator has performed her nondiscretionary duties under RCRA with regard to the inspection and inventorying of the operating location near Groom Lake. Moreover, the Administrator has done just that in full compliance with the dictates of RCRA. Therefore, as no effective relief remains available to Plaintiffs on their inspection and inventory claims, summary judgment in favor of the Administrator is appropriate.[7]

D. *The Public Disclosure Claims*

■ Having found summary judgment in favor of the Administrator on Plaintiffs' inspection and inventory claims, Plaintiffs' only remaining claims involve the Administrator's alleged violations of the public disclosure requirements of RCRA sections 3007(c) and 3016(a) by not making publicly available information regarding the EPA's RCRA in-

---

7. Again, this Court is cognizant of the fact that Plaintiffs' access to much of the information in this case has been limited by the classified nature of the information and the Defendant's invocation of the military and state secrets privilege. As a result of this Court's *in camera* inspections of various classified documents, however, this Court concludes that Plaintiffs' inventory and inspection claims are moot, and this Court cannot allow these claims to go forward. Furthermore, having examined the classified Inspection and Inventory Reports, the Court finds that they are both covered under the formal claim of privilege made on behalf of the United States by the Secretary of the United States Department of the Air Force, Shiela Widnall, in her classified and unclassified declarations. *See* Unclassified Dec-

laration and Claim of Military and State Secrets Privilege of Shiela E. Widnall, Secretary of the Air Force, attached as Ex. "A" to Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Compel an Answer to Plaintiffs' First Interrogatory (# 29). Plaintiffs' lack of access to this information, however, does not preclude granting summary judgment on these claims. *See Molerio v. F.B.I.*, 749 F.2d 815, 825 (D.C.Cir.1984) (allowing summary judgment to be granted on the basis of classified, *ex parte* affidavits); *Jabara v. Webster*, 691 F.2d 272, 274 (6th Cir.1982) (allowing appeal of a summary judgment to be decided on the basis of a record never disclosed to the plaintiff or his counsel), *cert. denied*, 464 U.S. 863, 104 S.Ct. 193, 78 L.Ed.2d 170 (1983).

spection and the Air Force inventory of the operating location near Groom Lake. With regard to these claims, the Administrator does not rely upon a mootness argument in support of dismissal; rather, she argues that RCRA sections 3007(c) and 3016(a) do not require the EPA to make classified and other national security information available to the public. Otherwise, the Administrator contends, RCRA would have to be read as repealing by implication 18 U.S.C. § 793, Executive Order No. 12356, 47 FedReg. 14,874 (Apr. 6, 1982), *reprinted in,* 50 U.S.C. § 401 (1988), and all other existing statutes and regulations which restrict public access to national security information.

The Administrator's argument invokes "a cardinal principal of statutory construction that repeals by implication are not favored." *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 154, 96 S.Ct. 1989, 1993, 48 L.Ed.2d 540 (1976). Implied repeals occur if two acts are in irreconcilable conflict. *Id.* at 154–155, 96 S.Ct. at 1993–94. RCRA sections 3007(c) and 3016(a) provide that records of RCRA inspections and inventories are to be made available to the public as provided in RCRA section 3007(b). *See* 42 U.S.C. §§ 6927(c), 6937(a). Section 3007(b) provides, in relevant part:

Any records, reports, or information (including records, reports, or information obtained by representatives of the Environmental Protection Agency) obtained from any person under this section shall be available to the public. . . .

42 U.S.C. § 6927(b)(1). Thus, it would appear that RCRA section 3007(b), at least on its face, would require the public disclosure of the Inspection and Inventory Reports of the operating location near Groom Lake.

The problem that arises in this case is that both the Inspection and Inventory Reports have been classified by the Air Force pursuant to Executive Order No. 12356. Under 18 U.S.C. § 793(d), it is a felony to disclose "national security information" to any person "not entitled to receive" it if the possessor has reason to believe that information could cause injury to the United States. Further, the only persons "entitled to receive" such information are those with proper security

clearances and with a need to know the information in order to perform their official duties. *See United States v. Morison,* 604 F.Supp. 655, 661 (D.Md.), *appeal dismissed,* 774 F.2d 1156 (4th Cir.1985). EPA officials are subject to Executive Order No. 12356 section 5.4, which provides that officers and employees of the United States "shall be subject to appropriate sanctions if they . . . knowingly, willfully, or negligently disclose to unauthorized persons information properly classified under this Order."

Because RCRA, at least on its face, would appear to require disclosure of inspection and inventory information regardless of its classified status, an apparent tension exists between the RCRA public disclosure provisions and the criminal penalties associated with disclosure of "national security information" under 18 U.S.C. § 793(d). The Administrator contends that this tension can only be resolved by reading RCRA's public disclosure provisions as not requiring the public disclosure of classified information. Otherwise, the Administrator argues, RCRA would have to be read as repealing by implication 18 U.S.C. § 793, Executive Order No. 12356, and all other existing statutes and regulations which restrict public access to national security information. The Court, however, finds the apparent tension cited by the Administrator to be illusory and the Administrator's argument regarding implied repeal unpersuasive.

Although it is a "cardinal principal" of statutory construction that repeals by implication are disfavored, and that to repeal, the intention of the legislature must be "clear and manifest," *Radzanower,* 426 U.S. at 154, 96 S.Ct. at 1993, the Supreme Court has instructed that "whenever possible, statutes should be read consistently." *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 468, 102 S.Ct. 1883, 1890, 72 L.Ed.2d 262 (1982). This Court concludes that an implied repeal argument in the context of the facts of this case is unpersuasive because RCRA and 18 U.S.C. § 793(d) can be construed consistently, and with full effect given to both Acts, simply by reading RCRA's public disclosure provisions in conjunction with the Presidential exemption provision of RCRA section

6001(a). Section 6001(a) provides in relevant part:

> Each department, agency, and instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) having jurisdiction over any solid waste management facility or disposal site, or (2) engaged in any activity resulting, or which may result, in the disposal or management of solid waste or hazardous waste shall be subject to, and comply with, all Federal, State, interstate, and local requirements, both substantive and procedural ..., respecting control and abatement of solid waste or hazardous waste disposal and management in the same manner, and to the same extent, as any person is subject to such requirements....

42 U.S.C. § 6961(a). Section 6001(a) also provides, however, that "[t]he President may exempt any solid waste management facility of any department, agency, or instrumentality in the executive branch from compliance with *such a requirement* if he determines it to be in the paramount interest of the United States to do so." *Id.* (emphasis added). Thus, according to section 6001(a), if the Administrator or the Air Force is concerned that compliance with RCRA's public disclosure provisions will disclose classified information or otherwise endanger national security, they need only seek an exemption from "such a requirement" from the President.

The Administrator's argument to the contrary amounts to a contention that Congress did not intend to include classified information within that the class of information required to be disclosed under RCRA. If that was in fact the intent of Congress, it would have been easy to say so. Of course, this Court and the parties can speculate as to whether the failure of Congress to address the disclosure of classified information under RCRA was intentional or an oversight. This Court's decision, however, cannot be based on such speculation. On its face, RCRA provides no such exemption for classified information notwithstanding the fact that other exemptions from disclosure were so provided. Indeed, RCRA section 3007(b)(1) specifically allows for the exemption of trade secret information from public disclosure "upon a showing satisfactory to the Administrator." *See* 42 U.S.C. § 6927(b)(1). From this it is evident that Congress was aware that certain types of confidential or proprietary information might need to be obtained in a RCRA inspection or inventory, and that public disclosure of that information might be harmful. Yet while allowing for the exemption of trade secrets, Congress elected not to exempt classified information from disclosure, nor did it need to do so in light of the provisions of § 6001(a).

Regardless, Congress did not, as the Administrator's argument suggests, put the Executive Branch in a position of absolutely having to disclose classified information to comply with RCRA. Rather, Congress left that decision within the President's discretion by allowing the President to exempt any federal facility from compliance with any or all of RCRA's requirements, including those requiring public disclosure of RCRA information. Therefore, should the Administrator or the Air Force determine that compliance with RCRA would require the disclosure of classified information which cannot be prudently declassified, the Administrator has available the alternative of Presidential exemption from the RCRA disclosure requirements. Accordingly, in the event of either declassification and public disclosure of the Inspection and Inventory Reports or exemption from the public disclosure requirements of RCRA pursuant to § 6001(a), summary judgment in favor of Defendant on Plaintiffs' remaining claim would be appropriate.

In conclusion, reading RCRA's public disclosure provision in conjunction with its Presidential exemption provision leads the Court to conclude that RCRA does not effect an implied repeal of 18 U.S.C. § 793(d). Therefore, the Administrator's Motion for Summary Judgment in that regard will be denied.

IT IS THEREFORE ORDERED THAT Plaintiffs' Motion for a Continuance of Defendant's Motion for Summary Judgment (# 67) is Denied.

IT IS FURTHER ORDERED THAT Plaintiffs' Motion to Strike Portions of Defendant's Statement of Uncontested Material Facts and Portions of Supporting Affidavits (# 73) is Denied.

IT IS FURTHER ORDERED THAT Defendant's Motion for Summary Judgment (# 47) is Granted as to Plaintiffs' Inspection and Inventory claims.

IT IS FURTHER ORDERED THAT to the extent Defendant seeks dismissal of Plaintiffs' claims based upon Defendants' failure to comply with the public disclosure requirements of RCRA sections 3007(c) and 3016(a), 42 U.S.C. §§ 6927(c) and 6937(a), Defendant's Motion for Summary Judgment (# 47) is Denied.

IT IS FURTHER ORDERED THAT Defendant shall, not later than October 2, 1995, file with the Court a Declaration advising whether Defendant will seek declassification of the Inspection and Inventory Reports at issue, or alternatively, exemption pursuant to § 6001(a) from compliance with the public disclosure requirements of RCRA.

IT IS FURTHER ORDERED THAT Defendant's Motion for Protective Order Staying Discovery (# 82) is Denied as moot.